# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

YANG GAO, et al.,

    Plaintiffs,

v.

CHAD WOLF, et al.,

    Defendants.

Case No.: 2:21-cv-00055-KJD-NJK

**ORDER**

[Docket Nos. 7, 8]

Plaintiffs Yang Gao and Bo Liu are proceeding in this action *pro se* and have requested authority under 28. U.S.C. § 1915 to proceed *in forma pauperis*. Docket Nos. 7, 8. Plaintiffs also submitted a complaint. Docket No. 1-1.

## I. *In Forma Pauperis* Applications

Plaintiffs each have submitted the affidavit required by § 1915(a). Docket Nos. 7, 8. Plaintiffs have shown an inability to prepay fees and costs or give security for them. Accordingly, Plaintiffs' requests to proceed *in forma pauperis* under § 1915(a) will be granted.

## II. Screening the Complaint

### A. Legal Standard

Upon granting an application to proceed *in forma pauperis*, courts screen the complaint. 28 U.S.C. § 1915(e). Section 1915(e) permits courts to dismiss a case if the action is legally "frivolous or malicious," the complaint fails to state a claim upon which relief may be granted, or the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.[1]  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The Court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.* at 678.  Additionally, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed.  *Twombly,* 550 U.S. at 570.

Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).  "However, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled."  *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

**B. Analysis**

Plaintiffs' allegations arise out of immigration relief petitions currently pending before the United States Citizenship and Immigration Services ("USCIS").  Docket No. 1-1 at 4.  The complaint alleges that, on July 16, 2018, Plaintiffs Gao and Liu each filed an I-485, Application to Register Permanent Residence or Adjust Status.  *Id.*  The complaint further alleges that, on August 21, 2017, Plaintiff Gao filed an I-730, Refugee/Asylee Relative Petition on behalf of his son.  *Id.*  Plaintiffs allege that USCIS's failure to adjudicate these immigration relief applications violates their statutory and constitutional rights.  *Id.*  Plaintiffs seek a writ of mandamus ordering

---

[1] Unless otherwise noted, references to "Rules" refer to the Federal Rules of Civil Procedure.

USCIS to immediately complete its adjudication of Plaintiffs' I-485 applications and Plaintiff Gao's son's I-730 application. *Id.*

District courts have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "Mandamus is an extraordinary remedy and is available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available." *Kildare v. Saenz*, 325 F.3d 1078, 1084 (9th Cir.2003). Whether USCIS's pace in adjudicating immigration relief applications is discretionary remains unsettled. *See Li v. Chertoff*, 482 F. Supp 2d 1172, 1177 (S.D. Cal. Apr. 2, 2007). However, there is a reasonable argument that mandamus relief may be appropriate when USCIS unreasonably delays its processing of immigration relief applications. *Chavez Valadez v. Stuart*, 2016 WL 923104, at *1 n.2 (D. Nev. Mar. 9, 2016). "Mandamus in such cases is based on a finding that USCIS has a statutory duty to process pending adjustment applications within a reasonable period of time, and that by failing to do so it has ignored a nondiscretionary duty." *Id.*; *see also Patel v. Reno*, 134 F.3d 929, 931–32 (9th Cir. 1997) ("Normally a consular official's discretionary decision to grant or deny a visa petition is not subject to judicial review. . . . However, when the suit challenges the authority of the consul to take or fail to take an action as opposed to a decision taken within the consul's discretion, jurisdiction exists.").

Here, the complaint alleges that USCIS has violated Plaintiffs' statutory and constitutional rights by failing to adjudicate Plaintiffs' I-485 applications and Plaintiff Gao's son's I-730 application. Construing Plaintiffs' complaint liberally and considering that this case is only at the screening stage, these allegations are sufficient to plead a claim upon which relief can be granted under 28 U.S.C. § 1361.[2]

---

[2] The Court screens the complaint without the benefit of the adversarial process. *Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012). Nothing in this order should be construed as precluding the filing of a motion to dismiss.

**C. Conclusion**

Accordingly, the Court hereby **ORDERS** as follows:

1. Plaintiffs' requests to proceed *in forma pauperis* are **GRANTED**.
2. Plaintiffs are permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. The Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.
3. The Clerk of Court shall file the complaint.
4. The Clerk of Court shall serve Defendants by sending a copy of the summons and complaint by certified mail to: (2) the Attorney General of the United States, Department of Justice, 950 Pennsylvania Avenue, N.W., Room 4400, Washington, D.C. 20530; and the Office of the General Counsel, U.S. Department of Homeland Security, 2707 Martin Luther King Jr. Avenue, S.E., Washington, DC 20528.
5. The Clerk of Court shall issue summons to the United States Attorney for the District of Nevada and deliver the summons and complaint to the U.S. Marshal for service.
6. From this point forward, Plaintiffs shall serve upon Defendants or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the Court. Plaintiffs shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendants or counsel for Defendants. The Court may disregard any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk that fails to include a certificate of service.

IT IS SO ORDERED.

Dated: January 25, 2021

_____
Nancy J. Koppe
United States Magistrate Judge